# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CENTER FOR BIOLOGICAL DIVERSITY,**
**et al.,**

       **Plaintiffs,**

v.                                                      CIV 03-0252 LFG/LAM

**GALE NORTON, in her official capacity as**
**Secretary of the Interior, et al.,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Supplement the Administrative Record with Withheld Documents (*Doc. 17*). The Court has considered Plaintiffs' motion and supporting memorandum, Defendants' response in opposition to the motion, Plaintiffs' reply to the response and relevant law. The Court **FINDS** that the motion is not well-taken and should be **DENIED**.

Plaintiffs' motion seeks to compel the production of twenty-eight documents related to Defendants' decision not to list the Rio Grande cutthroat trout as a threatened or endangered species under Section 4 of the Endangered Species Act, 16 U.S.C. § 1533, and its implementing regulations. In their motion, Plaintiffs argue that Defendants improperly asserted the deliberative process privilege in withholding these documents. Plaintiffs seek to have the Court order that these documents be submitted as part of the administrative record for the listing decision. Plaintiffs also ask the Court to conduct an *in camera* review of the withheld documents to determine if they should be produced by Defendants.

# I. Deliberative Process Privilege

According to the parties, Defendants served Plaintiffs with a twenty-volume administrative record for the challenged listing decision and supplemented the administrative record with an additional four volumes.[1] Defendants withheld twenty-eight documents from the administrative record claiming they were protected from disclosure by the deliberative process privilege. Defendants also claimed attorney-client privilege for two of the withheld documents but that issue is not before the Court.

Defendants' corrected privilege log (hereinafter, "Corrected Privilege Log")[2] and the sworn Declaration of Matt Hogan, Deputy Director of the United States Fish and Wildlife Service (hereinafter, "Declaration of Matt Hogan")[3], identify the twenty-eight documents withheld from the

---

[1] It is not clear from the Court's docketing system that the complete administrative record was filed with the Court as the parties indicate in their submissions.

[2] Copies of the Corrected Privilege Log are attached as Exhibit 1 to Plaintiffs' Memorandum in Support of Motion to Supplement the Administrative Record with Withheld Documents (*Doc. 18*) and as Exhibit 1A to Defendants' Opposition to Motion to Supplement Administrative Record (*Doc. 19*).

[3] The Declaration of Matt Hogan is attached as Exhibit 1 to Defendants' Opposition to Motion to Supplement Administrative Record (*Doc. 19*). It makes the following changes to the Corrected Privilege Log: (1) identifies a May 16, 2002 (1:52 p.m.) e-mail from Karen L. Anderson to Susan Jacobsen as a document listed by mistake on the Corrected Privilege Log and states that Defendants have included a copy of this document in the administrative record; (2) identifies a May 15, 2002 (10:00 a.m.) e-mail from Karen L. Anderson to Susan Jacobsen as a document omitted by mistake from the Corrected Privilege Log and states that Defendants are withholding this document on grounds of deliberative process privilege; and (3) states that two documents listed on the privilege log have been included in the administrative record with redactions, bringing the total number of redacted documents for which deliberative process privilege is claimed to six. The Declaration of Matt Hogan does not provide additional information for the two documents listed on the Corrected Privilege Log that were withheld by Defendants on grounds of both attorney-client privilege and deliberative process privilege, and the Court has relied on the information in the Corrected Privilege Log in ruling on those two documents.

2

administrative record on grounds of deliberative process privilege. Twenty-two of these documents were withheld in their entirety; six others were redacted and withheld in part.

The documents withheld by Defendants were generated by employees of the United States Department of Interior and the United States Fish and Wildlife Service in connection with deliberations on the challenged listing decision. Most of the documents are internal, e-mail communications and many are communications from subordinates to superiors.

### A. Application of the Deliberative Process Privilege to the Listing Decision

Plaintiffs argue that the deliberative process privilege does not apply to the documents withheld by Defendants because the decision not to list the Rio Grande cutthroat trout was a scientific decision made under Section 4 of the Endangered Species Act, 16 U.S.C. § 1533, which did not involve the formulation of government policy. In support of this argument, Defendants cite *Greenpeace v. National Marine Fisheries Service*, 198 F.R.D. 540, 543-545 (W.D. Wa. 2000), holding that documents unrelated to the process by which government policy is formulated are not protected by the deliberative process privilege.

The Court agrees with Defendants that the *Greenpeace* definition of "deliberative process" is unduly narrow and ignores numerous cases holding that the deliberative process privilege applies to the process for formulating government "decisions" as well as government "policies". *See, e.g., Dep't. of Interior v. Klamath Water Users Protective Ass'n.*, 532 U.S. 1, 8-9 (2001) ("deliberative process [privilege] covers 'documents reflecting advisory opinions, recommendations and deliberations *comprising part of a process by which governmental decisions and policies are formulated*'") (emphasis added) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)); *Casad v. United States Dep't. of Health and Human Services*, 301 F.3d 1247 (10th Cir. 2002)

3

(applying deliberative process privilege to documents related to government decision to deny training grant). The Court finds the decision in *Center for Biological Diversity v. Norton*, 2002 WL 32136200 (D. Ariz. 2002), more persuasive on this point. In *Center for Biological Diversity,* on a motion to supplement the administrative record in a case decided under the Endangered Species Act challenging the designation of critical habitat for the Mexican spotted owl, the federal district court declined to follow *Greenpeace* and held that the deliberative process privilege protects documents related to the formulation of government decisions as well as documents related to policy deliberations. *See Center for Biological Diversity*, 2002 WL 32136200 at \*2-\*3.

The Court agrees with the holding in *Center for Biological Diversity* and finds that documents related to the deliberative process by which the challenged listing decision for the Rio Grande cutthroat trout was made are eligible for protection by the deliberative process privilege.

### B. Application of the Deliberative Process Privilege to the Documents Withheld by Defendant

Plaintiffs argue that Defendants' submissions fail to establish that the deliberative process privilege applies to the twenty-eight documents withheld by Defendants. In the alternative, Plaintiffs argue that if the Court finds that the withheld documents are protected by the deliberative process privilege, the documents should be produced because Plaintiffs' and the Court's need for the documents outweighs Defendants' interest in protecting the deliberative process and keeping the documents confidential.

The purpose of the deliberative process privilege is "to prevent injury to the quality of agency decisions" by ensuring that frank discussion in writing within an agency is not inhibited by public disclosure. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-151 (1975). The privilege "rests on

the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Casad v. United States Dep't. of Health and Human Services*, 301 F.3d 1247, 1251 (10th Cir. 2002) (quoting *Dep't. of Interior v. Klamath Water Users Protective Ass'n.*, 532 U.S. 1, 8-9 (2001)).

To fall within the deliberative process privilege, documents must be pre-decisional in nature and must also form part of the agency's deliberative process. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 150-152. A pre-decisional document is one prepared "to assist an agency decisionmaker in arriving at his decision . . . and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Formaldehyde Inst. v. Dep't. of Health and Human Services*, 889 F.2d 1118, 1122 (D.C.Cir. 1989) (citations and internal quotation marks omitted). A pre-decisional document is part of the deliberative process if it relates to government decision-making and its disclosure to the public "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.* at 1122 (citations and internal quotations omitted). The burden is on the agency to show that the document in question satisfies both requirements. *See Coastal States Gas Corp. v. Dep't. of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980).

The Declaration of Matt Hogan invokes the deliberative process privilege for the withheld documents on behalf of Defendants and explains in detail the reasons for invoking the privilege. The Court has reviewed this Declaration, and the Corrected Privilege Log submitted by the parties, and

5

concludes that the deliberative process privilege applies to the twenty-eight documents withheld, in whole or in part, by Defendants. The materials submitted by Defendants demonstrate to the Court's satisfaction that the documents in question were pre-decisional and were created as part of the deliberative process involved in Defendants' listing decision. The documents were pre-decisional because they consist of communications between and among agency personnel containing their opinions, recommendations and deliberations concerning the listing decision prepared to assist the agency decision-maker in arriving at the listing decision. The documents were deliberative because they were generated as part of the deliberative process by which the listing decision was made and their disclosure to the public would expose that process in a way to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.

### C. Weighing of Interests

Defendants argue that even if the withheld documents are protected by the deliberative process privilege, the documents should be disclosed because Plaintiffs' and the Court's need for the documents outweighs Defendants' interest in withholding the documents.

The deliberative process privilege is a qualified privilege and a litigant can obtain otherwise privileged documents "if his or her need for the materials and the need for accurate fact-finding override the Government's interest in non-disclosure." *Center for Biological Diversity* at *3. The factors to be considered in making this determination include: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the Governments [sic] role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplative policies and decisions." *Id.*

6

Applying the foregoing factors, the Court finds that Defendants have established by their submissions to the Court that Plaintiffs' and the Court's need for the withheld documents does not outweigh Defendants' need to keep the deliberative information contained in the documents confidential. First, the Court agrees with Plaintiffs that the withheld documents are relevant to the challenged listing decision based on Defendants' description of the documents in their submissions. Second, it appears from the materials submitted by the parties that the extensive administrative record in this case contains sufficient documentation of the listing decision, and the data on which it was based, for Plaintiffs to litigate their claims and for there to be meaningful review of that decision by the Court. Third, there is no evidence that Defendants have engaged in bad faith or misconduct in withholding documents on the grounds of deliberative process privilege. Fourth, the Court agrees with Defendants that by virtue of the nature and content of the withheld documents, their disclosure would hinder frank and independent discussion regarding contemplative policies and decisions by the government. Thus, the Court concludes that the withheld documents should remain confidential.

## II. *In Camera* Inspection of Withheld Documents

Plaintiffs contend that Defendants have not made an adequate showing that the disputed documents are protected by the deliberative process privilege and, therefore, the Court should order an *in camera* inspection of the withheld documents to determine if they are exempt from disclosure. The Court has carefully reviewed the Corrected Privilege Log and the Declaration of Matt Hogan. Based on this review, the Court **FINDS** that Defendants have met their burden of demonstrating that

the deliberative process privilege protects the twenty-eight withheld documents from disclosure. Therefore, an *in camera* review of these documents is unnecessary.[4]

### III. Conclusion

Based on the foregoing, the Court concludes that the twenty-eight documents withheld by Defendants are protected from disclosure by the deliberative process privilege and need not be disclosed to Plaintiffs or filed with the Court as part of the administrative record. Additionally, because Defendants, by their submissions to the Court, have met their burden of establishing that the withheld documents are entitled to deliberative process privilege protection, an *in camera* review of these documents is unnecessary.

**IT IS THEREFORE HEREBY ORDERED** that Plaintiffs' Motion to Supplement the Administrative Record with Withheld Documents (*Doc. 17*) is **DENIED**.

*Lourdes A. Martínez*

**Lourdes A. Martínez**
**United States Magistrate Judge**

---

[4] An *in camera* review of documents withheld on grounds of deliberative process privilege is not required when an agency provides "reasonably detailed descriptions of the documents and allege[s] facts sufficient to establish an exemption." *Maricopa Audubon Soc. v. United States Forest Service*, 108 F. 3d 1089, 1092 (9th Cir. 1997) (citations and internal quotations omitted).