IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CENTER FOR BIOLOGICAL
DIVERSITY, et al.,

                          Plaintiffs,

v.                                                   No. CIV 03-252 LFG/LAM

GALE NORTON, in her official capacity
as Secretary of the Interior, et al.,

                          Defendants.

**MEMORANDUM OPINION AND ORDER
OVERRULING PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER**

**Introduction**

THIS MATTER is before the Court on Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order Denying Plaintiffs' Motion to Supplement the Administrative Record with Withheld Documents, filed May 27, 2004.  [Doc. No. 23.]  On June 10, 2004, Defendants filed a response to Plaintiffs' Objections, and on June 22, 2004, Plaintiffs filed a reply. [Doc. Nos. 24, 25.]  After careful consideration of the briefing, along with the pertinent pleadings and law, the Court overrules Plaintiffs' objections to the Magistrate Judge's Memorandum Opinion and Order.

**Background**

This case challenges the Fish & Wildlife Services's ("FWS's") June 2, 2002 finding that it was not warranted to list the Rio Grande cutthroat trout under the Endangered Species Act ("ESA"), 16

1

U.S.C. §§ 1531-44. [Doc. No. 13, IPTR, p. 1.] Plaintiffs argue that under the Administrative Procedure Act ("APA"), the FWS must fully explain and support its listing decisions based on scientific evidence in the administrative record. According to Plaintiffs, the administrative record is to include "all documents and materials directly or indirectly considered by the agency" in making its listing decision.

With respect to the administrative record, FWS served on Plaintiffs a 20-volume administrative record that consists of 390 documents and more than 7,500 pages. Subsequently, FWS supplemented this record with an additional four volumes containing over 2000 additional pages.

The issue in dispute focuses on FWS's decision to withhold 26 documents, which the agency contends are protected by the deliberative process privilege. Plaintiffs argued, *inter alia,* that the FWS's assertion of the privilege was improper and that FWS refused to adequately describe or include the 26 documents that were being withheld. Thus, on November 5, 2003, Plaintiffs filed a motion to supplement the administrative record. [Doc. No. 17.] In December 2003, the motion was fully briefed. [Doc. Nos. 19, 20, 21.]

On May 12, 2004, the Magistrate Judge, in a thorough and carefully drafted opinion, denied Plaintiffs' motion to supplement the record. [Doc. No. 22.] The Magistrate Judge determined first that most of the documents at issue were internal e-mail communications and that many were from subordinates to superiors. [Doc. No. 22, p. 3.] The Court ultimately decided that the withheld documents related to the deliberative process and were eligible for protection by the deliberative process privilege. [Doc. No. 22, p. 4.]

The Magistrate Judge also examined Plaintiffs' alternative argument that even if the documents were protected by the privilege, they should be produced because Plaintiffs' and the

2

Court's need for the documents outweighed Defendants' interest in protecting the deliberative process and maintaining confidentiality of the documents. In rejecting this argument, the Magistrate Judge carefully analyzed the pertinent factors and determined that the withheld documents should remain confidential. [Doc. No. 22, pp. 6-7.] Finally, the Court denied Plaintiffs' request that it conduct an *in camera* inspection of the documents. [Doc. No. 22, pp. 7-8.]

## Pertinent Legal Standard

Plaintiffs filed their objections to the Magistrate Judge's decision under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Section 636(b) provides that a party may file written objections to proposed findings and that a judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge may accept, reject or modify the magistrate judge's proposed findings and/or recommendations. 28 U.S.C. § 636(b).

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a magistrate judge rules on nondispositive matters of this nature and a party files objections, the district court reviews the magistrate judge's order under the "clearly erroneous or contrary to law standard." First Union Mortgage Corp. v. Smith, 229 F.3d 992, 995 (10th Cir. 2000) (*quoting* Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1461-62 (10th Cir. 1988); 28 U.S.C. §§ 636(b)(1)(A); Fed. R. Civ. P. 72(a). This standard "requires that the reviewing court affirm unless it . . . is left with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp., 847 F.2d at 1464 (quotation omitted). "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." Harrington v. City of Albuquerque, 2004 WL 1149494 at *1 (D.N.M. May 11, 2004) (internal citation omitted). The reviewing court must accept the magistrate's factual findings unless it determines they are clearly erroneous. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.

3

1992). The Seventh Circuit Court of Appeals has stated that to be found clearly erroneous, a magistrate's decision ". . . must strike us as more than just maybe or probably wrong; it must . . . strike us with the force of a five-week old, unrefrigerated dead fish." Parts & Elec. Motors, Inc. v. Sterling Elec. Inc., 866 F.2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989).

Notwithstanding this standard, when reviewing a question of law, the standard is *de novo*. Thus, the Court owes no deference to the magistrate's legal conclusions. Id. Here, the Court has conducted a *de novo* review of those portions of the magistrate's legal conclusions that Plaintiffs challenge.

## **Plaintiffs' Objections**[1]

### I.   **Application of Deliberative Process Privilege:**

Plaintiffs argue first that the FWS's non-listing determination had to be based on objective scientific facts rather than on policy considerations. In other words, it is Plaintiffs' position that the ESA listing process is one where FWS may *only* rely on the best scientific and commercial data available to make the decision. [Doc. No. 25, p. 2, *citing* 16 U.S.C. § 1533(b)(1)(A).] Thus, according to Plaintiffs, the applicable statutory process for a listing decision does not contemplate policy considerations or decision-making and such materials cannot be withheld under the deliberative process privilege since the privilege is limited to agency actions that allow for *policy* considerations. For this reason, Plaintiffs argue that the Magistrate Judge committed legal error by never making the initial required inquiry as to the nature of the agency determination at issue and whether the listing decision in this case permitted policy-making considerations.

The deliberative process privilege has been described as:

---

[1]Plaintiffs identify most of the issues presented in their objections as raising legal issues. [Doc. No. 23, p. 4.]

> shield[ing] from disclosure intra-governmental communications relating to matters of law or policy. the underlying purpose of the privilege is to protect the quality of governmental decision-making by maintaining the confidentiality of advisory opinions, recommendations, and deliberations that comprise part of the process by which government formulates law or policy. The accepted rationale is that frank and open discussions within governmental agencies would be "chilled" if the personal opinions and ideas of government personnel involved in the decision-making process were subject to public scrutiny.

Greenpeace v. National Marine Fisheries Serv., 198 F.R.D. 540, 543 (W.D. Wash. 2000) (internal citations omitted). The deliberative process privilege is construed narrowly and to qualify the privilege, the government has the burden of demonstrating "precise and certain" reasons for preserving confidentiality of the materials at issue. Id. The agency must show that the document is "predecisional" and "deliberative", "meaning the [document] must actually be related to the process by which policies are formulated." Id. (internal citation omitted).

In Greenpeace, relied heavily upon by Plaintiffs, the Washington district court determined that the deliberative process privilege did not apply to protect the withheld material. This was true because it concluded that the nature of the agency process in that case[2] did not contemplate the agency's policy-oriented judgment. Id. at 544. Rather, the agency's determination was limited to objective, fact-based scientific conclusions that could not be withheld under the privilege. Id.

In the present case, the Magistrate Judge determined that the Greenpeace definition of the privilege was "unduly narrow and ignores numerous cases holding that the deliberative process privilege applies to the process of formulating government 'decisions' as well as government

---

[2] Greenpeace did not concern a listing decision by the agency. Rather, it challenged the National Marine Fisheries Services's plans for groundfish fisheries in the Bering Sea and the Gulf of Alaska. In that case, the plaintiffs argued that such plans jeopardized endangered sea lions and adversely modified sea lion critical habitat. Id. at 541-42. A different provision of the ESA (§ 7 rather than § 4), than that at issue here, was implicated in Greenpeace.

5

'policies.'" [Doc. No. 22.] In reaching her decision, the Magistrate Judge relied on <u>Center for Biological Diversity v. Norton</u>, 2002 WL 32136200 (D. Ariz. July 24, 2002), which discussed the deliberative process privilege in the context of another portion of the ESA. The Arizona district court found that plaintiffs' definition of "deliberative" which focused solely on "policy" decisions was overly narrow. <u>Id.</u> at *2. "The deliberative process privilege is intended to protect 'documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." <u>Id.</u> (internal citation omitted). Moreover, "documents containing non-binding recommendations on law or policy, as well as factual materials that reveal the mental processes of the decisions makers, are exempt from disclosure." <u>Id.</u> The Arizona district court ultimately concluded that the documents were protected by the privilege.

The recently decided case, cited by Plaintiffs in their reply brief, is not to the contrary. In <u>Utah Medical Products v. McClellan</u>,[3] 2004 WL 988877 (D. Utah Mar. 31, 2004), the district court also applied the deliberative process privilege to the documents at issue and concluded they were protected from disclosure. In so doing, the court found that the deliberative process privilege protected the documents that contained advisory opinions and recommendations or reflecting deliberations. <u>Id.</u> at *2. The district court reasoned that the protection sought to protect the integrity of government decision making and rested "on the 'obvious' conclusion that officials will not communicate candidly and frankly if each remark may end up as 'front page news.'" <u>Id.</u> (*relying in part on* <u>Casad v. U.S. Dept. of Health and Human Serv.</u>, 301 F.3d 1247, 1251 (10th Cir. 2003)). The Utah district court observed that a document was "pre-decisional" if was prepared to assist an agency decision maker in arriving at a decision and "deliberative" if it concerned the formulation of agency

---

[3]This case discussed the deliberative process privilege in relation to a matter concerning the U.S. Food and Drug Administration.

policy. Id. (internal citation omitted). Ultimately, the court explained that "[t]he deliberative process privilege extends to 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.'" Id. (internal citation omitted).

Here, the Court agrees with Plaintiffs that the pertinent statutory provisions of the ESA regarding listing decisions require that the FWS rely "solely on the basis of the best scientific and commercial data available." 16 U.S.C. § 1533(b)(1)(A). However, while the listing decision requires reliance on scientific and commercial data, this does not mean that the agency is precluded from drafting "recommendations, draft documents, proposals, suggestions and other subjective documents which reflect the personal opinions of the writer" that might be protected by the pertinent privilege. In other words, the statute does not prohibit the agency from creating such documentation during its process even it must "rely" only on the best scientific and commercial data in reaching its final listing decision.

On June 24, 2004, the Court issued an Order *Pendente Lite*, directing FWS to submit the withheld documents for an *in camera* review. [Doc. No. 27.] In accord with the Court's Order, the documents were submitted together with an affidavit supplied by FWS's Deputy Director.[4] Those documents have all been reviewed *in camera*. After careful examination of the submitted documents, the Deputy Director's affidavit regarding the withheld documents, and the Corrected Privilege Log describing those documents [Doc. No. 19, attachments], they consist of pre-decisional and deliberative materials rather than factual matters. The Deputy Director's affidavit describes them as internal

---

[4]This affidavit is essentially the same affidavit presented to Judge Martinez for her initial review of the pleadings at issue. The only changes to this subsequent affidavit appear to be references to the documents by number that were submitted for *in camera* inspection.

7

discussions, usually in the form of email communications, with respect to: recommendations from staff biologists and lower level managers, a summary of topics and key points prepared by a staff biologist for purposes of briefing a regional director on the proposed methodology that FWS would follow in making its review of the cutthroat trout, policy issues, comments of biologists on the population viability questions, views of a staff biologist on issues raised by FWS staff, views by a Listing Coordinator to a Staff Listing Biologist on issues being debated in some of these withheld email communications, comments on a particular language of a draft candidate status review with suggested revisions, comments and debate among staff regarding various recommendations by the Listing Coordinator concerning those listing issues.[5] The government argues that all of these documents should be protected from disclosure, essentially to protect the integrity of governmental decision making and that to disclose such material would interfere with candid and frank communications needed for future listing decisions that the agency is called upon to make.

The law governing this matter is sparse. However, based on a review of the little law that has been published in the area of when the deliberative process privilege applies in the context of documents withheld in ESA matters or decisions, along with an analysis of the description of those documents withheld, the Court concludes that the Magistrate Judge's decision was neither contrary to law, nor that any of her factual findings regarding the actual withheld documents were clearly erroneous. Based on the law relied upon by the Magistrate Judge and cited by the parties, the withheld documents, as described by Defendants, consisted of candid and frank advice, suggestions, recommendations, proposals and subjective views that were properly protected by the privilege (even if not ultimately relied upon for the actual listing decision). Therefore, the Court concludes that the

---

[5]This is not a comprehensive summary of the contents of the withheld documents which is found in the Deputy Director's affidavit and the corrected privilege log.

Magistrate properly applied the law, and the agency satisfied its burden to show that the withheld information met the requirements for the privilege to apply.

## II. Balancing of Need for Documents Versus Government's Need to Protect Documents and In Camera Inspection of Documents:

Even when the privilege is properly asserted, however, it is not absolute. The Court must next determine whether the need for the evidence overrides the government's need to maintain confidentiality of the documents. Greenpeace, 198 F.R.D. at 543. In other words, a litigant "may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the Government's interest in non-disclosure." Center for Biological Diversity, 2002 WL 32136200 at *3. Factors to consider in making this determination are: (1) relevance of the evidence; (2) availability of other evidence; (3) Government's role in the litigation; and (4) extent to which disclosure would hinder frank and independent discussion regarding contemplative policies and decisions. Id. (internal citation omitted). At this stage, Plaintiffs bears the burden of showing its need for the documents outweighs the government's interest in non-disclosure. Utah Medical Products, 2004 WL 988877 at *2 (internal citation omitted).

Here, the Magistrate Judge thoughtfully analyzed the factors set out above and concluded that the withheld materials, as described, while relevant, need not be disclosed because the extensive administrative record already supplied contained sufficient documentation of the listing decision. The Magistrate Judge then carefully balanced the interests of the parties and agreed with the government that the disclosure of the materials would hinder the frank and independent discussion regarding pertinent policy-making and listing decisions. [Doc. No. 22, pp. 6-7.]

Plaintiffs argue that the Magistrate Judge could not make the determinations that she made under the balancing of interests test. For example, Plaintiffs argue that merely noting there has been

9

an extensive administrative record produced does not mean that the information produced provides the same information in the documents that were withheld. Plaintiffs also contend that the withheld documents were not adequately described and that the Magistrate Judge could not have made the findings she did without reviewing the materials *in camera*. The Court ordered an *in camera* inspection of the 26 withheld documents in order to fully consider the objections before issuing this decision.[6]

The documents were supplied to the Court by Defendants, and the Court now has reviewed them thoroughly in balancing the interests of the parties and in determining whether the need for the evidence overrides the government's need to maintain confidentiality of the documents. After careful consideration of each of the withheld documents or partially withheld information, the Court concludes that the materials consist of pre-decisional and deliberative materials, rather than factual matters. In other words, the documents contain internal discussions among agency personnel with respect to policy issues, recommendations, and summaries of issues to discuss, and comments and views from biologists that are being debated by the agency. Thus, the Court concludes that the documents should be protected from disclosure so as to protect the integrity of governmental decision making and to avoid interference with candid and frank communications needed for future listing decisions of this nature. Moreover, after a review of the documents, the Court concludes that Plaintiffs have not

---

[6]In many of the cases cited by the parties, indeed similar *in camera* inspections of the pertinent documents were ordered. *See, e.g.,* Center for Biological Diversity, at *3-4 (*in camera* review of the withheld documents conducted because "[i]t is difficult for a party to argue relevance, availability of other evidence, etc., never having seen the disputed documents); Greenpeace, 198 F.R.D. at 542 (prior to ordering defendant to produce the withheld documents the court required an *in camera* inspection by the court); Utah Medical Products, 2004 WL 988877 at *1 (court required an *in camera* inspection of documents in question before ruling on motion to compel); Maine v. United States of the Interior, 124 F. Supp. 2d 728, 747 (D. Me. 2001) (ordering *in camera* inspection of several documents withheld under deliberative process privilege to determine segregability of factual information from deliberative information of a document), *rev'd in part on other grounds,* 298 F.3d 60 (1st Cir. 2002); United States v. Farley, 11 F.3d 1385 (7th Cir. 1993) (FTC documents produced *in camera* to determine possible protections by work product doctrine and deliberative process privilege).

satisfied their burden in showing their need for the documents outweighs the government's interest in non-disclosure.

The Court again concludes, with respect to the test concerning the balancing of the need for the documents as compared to the government's need to protect the documents, that the Magistrate Judge properly applied the law and that none of her factual findings were clearly erroneous. Therefore, the Magistrate Judge's decision will be upheld and Plaintiffs' objections are overruled and denied.

IT IS THEREFORE ORDERED that Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order Denying Plaintiffs' Motion to Supplement the Administrative Record with Withheld Documents  [Doc. No. 23] are overruled and denied and that none of the withheld information need be disclosed to Plaintiffs.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge