IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CENTER FOR BIOLOGICAL DIVERSITY,
et al.,

                            Plaintiffs,

v.                                                     No. CIV 03-252 LFG/LAM

GALE NORTON, in her official capacity as
Secretary of the Interior, et al.,

                            Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiffs' Motion to Clarify Plaintiffs' Position and Correct the Court's December 16, 2005 Memorandum Opinion and Order ("Motion"), filed January 18, 2006. [Doc. No. 75.] Defendants did not respond to the Motion, and the deadline for doing so elapsed on February 6, 2006.[1] Thus, the Court determines that the Motion is ready for resolution. After careful consideration of the pleadings and pertinent law, the Court denies Plaintiffs' Motion. The Court's reasoning follows.

---

[1] The Court observes that Plaintiffs did not comply with Local Rule 7.1, requiring a movant to determine whether a motion is opposed, D.N.M. LR-Civ 7.1. There is no mention in Plaintiffs' motion regarding whether Defendants concurred with or opposed the requested relief. Here, Defendants elected not to respond to the Motion. Thus, the Court is unable to determine what position Defendants take, but will decide the motion based on the pertinent law and submissions.

**Procedural Background**

On December 16, 2005, the Court entered a Memorandum Opinion and Order [Doc. No. 70] denying Plaintiffs' Petition for Review of Agency Action [Doc. No. 29] and their request for an evidentiary hearing [Doc. No. 54].[2]  After so doing, the Court entered its final judgment dismissing the case with prejudice.  [Doc. No. 71.]

On December 23, 2005, Defendants filed a motion to correct a clerical error in the Court's December 16 Judgment [Doc. No. 72], and on December 29, 2005, the Court entered an Order granting the motion.  [Doc. No. 73.]  Also on December 29, 2005, the Court entered an Amended Judgment reflecting the corrected clerical error.  [Doc. No. 74.]

On January 18, 2006, more than ten days after entry of the Amended Judgment,[3] Plaintiffs filed the present Motion under Rule 60(a), seeking clarification and/or correction of specific portions of the Court's December 16 Memorandum Opinion and Order.

The Court will not repeat its earlier analysis here at length; however, in order to place Plaintiffs' argument in context, the Court must identify the portion of the Endangered Species Act ("ESA") that Plaintiffs' Motion addresses.  The critical statutory language at issue was this:

> A species receives the protections of the ESA when the FWS [United States Fish & Wildlife Service] lists the species as "endangered" or "threatened."  A species is deemed "endangered" when it is "in danger of extinction *throughout all or a significant portion of its range* . . .

---

[2]The basis of Plaintiffs' lawsuit, that challenged the United States Fish & Wildlife Service determination not to list the Rio Grande Cutthroat Trout under the Endangered Species Act, is set forth in detail in the Court's December 16, 2005 Order.

[3]The Court makes note of the dates because had a proper Rule 59(e) or Rule 60 Motion been filed within ten days of judgment, the motion would have extended the time to file a notice of appeal, should an appeal be taken. Fed.R.App.P. 4(a)(4)(A)(vi).  However, Plaintiffs Motion was not filed within 10 days of the entry of the Amended Judgment, and any appeal that is taken now must be filed within 60 days after entry of the Amended Judgment as one of the parties is a United States agency.  Fed.R.App.P. 4(a)(1)(B).

> ." 16 U.S.C. § 1532(6). A "threatened" species is defined as "likely to become an endangered species within the foreseeable future *throughout all or a significant portion of its range."* 16 U.S.C. § 1532(20).

[Doc. No. 70, p. 4] (emphasis in original Order). In the December 16th Order, the Court explained that it italicized the above portions of statutory language because that language was at the heart of Plaintiffs' challenge. Indeed, not only was that language central to Plaintiffs' argument, the Court found the phrase troubling enough that it required the parties to submit supplemental briefing as to their interpretation of the statutory phrase: "significant portion of the range." [Doc. Nos. 66, 69.] Ultimately, the Court upheld FWS's interpretation of the phrase. However, in so doing, the Court found the parties agreed, to some extent, in the interpretation of the statutory language. Essentially, Plaintiffs contend the Court's understanding or perhaps its articulation of that agreement between the parties was incorrect.

### **Plaintiffs' Rule 60(a) Motion**

Plaintiffs request that the Court clarify its analysis and correct two statements in the Court's December 16 Memorandum Opinion and Order. Plaintiffs disagree with the Court's statement on page 11 of the Order which provides that "the parties' supplemental briefing makes clear they agree that it is the species' current range which the agency is supposed to examine in making the [ESA listing] determination." Plaintiffs state they do not agree with Defendants that "only current range is relevant for determining whether a species is in danger in a significant portion of its range." Rather, Plaintiffs strongly assert they consistently expressed the position that both current and historic range must be examined in determining whether a species requires a listing under the Endangered Species

3

Act. [Motion, at pp. 1-3.] In support of their assertion, Plaintiffs cite to arguments they presented in a number of their earlier pleadings.

Plaintiffs also contend that the Court's following statement on pages 12-13 of its Order is incorrect: "The Parties in this case agree that the word 'significant' here does not mean geographically significant, in the sense of a large area of land or a large percentage of the species' historical habitat, but rather implies a biological significant portion of the range." [Motion, p. 1; Doc. No. 70, pp. 12-13.] In their Motion, Plaintiffs first explain that they did not agree that "'significance' in the ESA definitions of threatened or endangered species only means biological significance and it cannot mean 'geographical experience.'" [Motion, p. 3.] (emphasis in original.) Secondly, they state they did not agree that "'biological significance' is evaluated to assess portions of range that remain and are not threatened, as opposed to what has been lost or is threatened." [Plaintiffs' Motion, p. 3.]

Plaintiffs further explain that while the Court apparently qualified the phrase "significant portion of the range" by defining and referring to it as "biologically significant portion of the range," Plaintiffs only agreed that "significant" could include "biological significance." Plaintiffs, however, did not mean they agreed that "significance" was limited only to biological factors. [Motion, p. 4.] In other words, Plaintiffs do not agree and never intended to agree that biological factors, while relevant, were the only relevant factors to be used by the FWS in evaluating whether the habitat areas that were lost or subject to threats were "significant."

Plaintiffs disagree with the Court's ruling or suggestion that the "application of the phrase 'significant portion' focuses on what is left and allegedly secure, and not on what has been lost or is under threat." [Motion, p. 5.] Plaintiffs seek amendment or clarification of their positions so as "to

4

ensure there is no confusion and no possibility that Defendants or others misrepresent Plaintiffs' position on these issues." [Motion, p. 1.]

## Discussion

Plaintiffs expressly bring their Motion for clarification and correction under Fed. R. Civ. P. 60(a). That procedural rule provides for relief from a judgment or order that contains clerical errors. Fed.R.Civ.P. 60(a). It states:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . .

The rule further provides and is understood to mean that such clerical errors may be corrected before, during or after appeal. Fed.R.Civ.P. 60(a).

Rule 60(a) provides for corrections of only clerical errors, not substantive errors. Capstick v. Allstate Ins. Co., 998 F.2d 810, 812-13 (10th Cir. 1993). In Capstick, the Tenth Circuit Court of Appeals determined that a motion for prejudgment interest would implicate the merits of a court's decision. Thus, such request had to be raised by a Rule 59(e) motion (to amend the judgment)[4] rather than a Rule 60(a) motion since a Rule 60 motion "may not be used to alter the rate of prejudgment interest because that would call into question the substantive correctness of the judgment rather than remedy a clerical error or omission." Id. (internal citations omitted).

In other words, the scope of relief contemplated by Rule 60(a) is specific and limited. *See* Dow v. Baird, 389 F.2d 882, 884-85 (10th Cir. 1968) ("to achieve the obviously desirable end of

---

[4]Because a Rule 59(e) motion to alter or amend the judgment must be filed no later than 10 days after entry of the [amended] judgment, the Court is not at liberty to construe Plaintiffs' motion as having been brought under Rule 59(e). That is true because Plaintiffs' Motion was filed more than ten days after entry of the Amended Judgment.

5

finality Rule 60(a) limits the power of district courts to give relief from judgments of its own initiative only to correct clerical mistakes and errors arising from oversight or omission . . . ."). For example, the Fifth Circuit repeatedly has found that Rule 60(a) "provides a specific and very limited type of relief." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). In that case, the Fifth Circuit quoted from an earlier circuit decision:

> Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.

In re Transtexas Gas Corp., 303 F.3d at 581 (internal citation omitted). *See also* In re West Tex. Mktg, 12 F.3d 497, 503 (5th Cir. 1994) ("relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule").

That said, the Tenth Circuit has interpreted Rule 60(a) to have a slightly farther reach than the above-discussed Fifth Circuit decisions. In Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992), *cert. denied,* 507 U.S. 1043 (1993), the Tenth Circuit explained that the trial court is not limited under Rule 60(a) to correcting only clerical mistakes arising from an oversight or omission. A district court is also "permitted to invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented." Id. However, a trial court cannot clarify a judgment under Rule 60(a) "to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." Id.

Here, Plaintiffs do not seek to correct a "clerical error." They do not request clarification of a "copying or computational mistake." The Motion does not merely require the Court to "employ the judicial eraser to obliterate a mechanical or mathematical mistake," thereby permitting the modification." In re West Tex. Mktg, 12 F.3d at 504-05. "It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)." Id. at 505.

Moreover, the Court does not conclude here that its ruling was ambiguous, thereby requiring clarification of its Order to "more clearly reflect its contemporaneous intent." The Order reflected the Court's contemporaneous intent as well as the implications that flowed from its decision. The Court views Plaintiffs' Motion as a request to make substantive changes to the Court's reasoning, if not to its ultimate ruling. Even if the Court agreed that it failed to artfully articulate Plaintiffs' position, Rule 60(a) may not be invoked "to reflect a new and subsequent intent because [the Court] perceives its original judgment to be incorrect." *See* Burton, 975 F.2d at 694. *See also* In re Galiardi, 745 F.2d 335, 337 (5th Cir. 1984) (court cannot add legal reasoning or authority to a judgment or order under Rule 60(a)).

Therefore, the Court determines that Plaintiffs have improperly invoked Rule 60(a) for purposes of their motion to clarify or correct portions of the Court's December 16 opinion, and that the motion should be denied on that ground alone. Even though Plaintiffs may identify their motion as one to clarify or modify a few sentences set forth in the Court's ruling, the essence of their request challenges the substantive correctness of the Court's analysis and ruling. This they cannot do through Rule 60(a).

Further, the Court observes that its December 16 opinion cited some of the same arguments set forth by Plaintiffs in support of their Rule 60(a) Motion. Thus, it cannot be said that the Court failed to consider Plaintiffs' position or the related results of its decision. Instead, the Court considered the parties' initial positions and arguments, and in an abundance of caution requested additional briefing by the parties on specific issues. The Court also examined a massive administrative record, along with the pertinent evidence and relevant law, before reaching its interpretations and conclusions.

For all of the above state-reasons, the Court denies Plaintiffs' Motion to Clarify Plaintiffs' Position and Correct the Court's December 16, 2005 Memorandum Opinion and Order [Doc. No. 75].

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge